GARRISON, Judge.
This is an appeal from a judgment of the district court dissolving plaintiff’s writ of attachment. From that judgment, which we vacate, annul and set aside, plaintiff appeals.
Plaintiff is an attorney who alleges that she is owed $12,941.63 in outstanding legal fees for services rendered to the defendants. Plaintiff prayed for and received issuance of a writ of attachment. The trial judge incorrectly stated that the sole ground upon which plaintiff based her prayer for- the writ was that the defendants were “non-residents” under Code of Civil Procedure Art. 3541. Plaintiff had also alleged additional grounds under subparts (2) and (3). C.C.P. Art. 3541 provides as follows:
“A writ of attachment may be obtained when the defendant:
“(1) Has concealed himself to avoid service of citation;
“(2) Has mortgaged, assigned, or disposed of his property or some part thereof, or is about to do any of these acts, with intent to defraud his creditors or given an unfair preference to one or more of them;
“(3) Has converted or is about to convert his property into money or evidences of debt, with intent to place it beyond the reach of his creditors;
“(4) Has left the state permanently, or is about to do so before a judgment can be obtained and executed against him; or
“(5) Is a nonresident who has no duly appointed agent for service of process within the state.”
Plaintiff sued the following defendants:
1. Mr. and Mrs. Richard Regan
2. Mr. and Mrs. Barry Shuman
3. P & R Co.
4. Barry Schuman and Richard Regan d/b/a S & R Hotel Corporation.
We will recount the evidence adduced as to each defendant separately:
I. Mr. and Mrs. Richard Regan
Mr. Regan flew in from Chicago to attend the trial. Mr. Regan testified that he resides at 13600 Chef Highway approximately 75% of the time. He has a phone *556 number at that address and a number of Louisiana credit cards. He testified that he does not have a driver’s license. His voter registration is in Illinois. Additionally, he maintains a residence at Ambassador Row Hotel at 1300 North State Parkway, Chicago, Illinois and a summer house at Lake Geneva, Illinois. Betty Jane Dillion, an employee of the defendants, testified that Mr. Regan spends 75% of his time at his residence in New Orleans. His wife works and resides in Chicago and his children reside and attend school in Chicago. Mrs. Regan did not attend the trial. While it appears Mr. Regan is a resident of Louisiana, this alone does not relieve him from attachment proceedings under C.C.P. Art. 3541(2) and (3).
II.Mr. and Mrs. Barry Shuman
Other than a statement that the Re-gans and the Shumans keep an apartment in New Orleans which they sometimes use, there is no evidence establishing that the Shumans reside in the state. Neither Barry nor Terry Shuman attended the trial and no evidence of location of personal belongings, phone numbers, credit cards, drivers’ licenses or voter registration cards were introduced. Mr. Regan testified that Barry Shuman and his wife live in Highland Park, Illinois.
In the total absence of any evidence indicating that Mr. and Mrs. Shuman reside in Louisiana, the trial court was clearly erroneous in dissolving the writ of attachment against them.
III.P & R Co.
As shown by the recorded and executed partnership articles entered into evidence, “P & R Co.” is “an Illinois partnership” with its principal office at “9101 North Waukegan Rd., Morton Grove, Ill.” The two partners of “P & R Co.” are Phyllis (Mrs. Barry) Shuman and Terry (Mrs. Richard) Regan. Accordingly, the trial court erroneously dissolved the writ of attachment as to “P & R Co.”
IV.S & R Hotel Corporation
“S & R Hotel Corp.” is a fictitious entity under which Regan and Shuman executed several leases. When plaintiff discovered that defendants had entered into contracts under the name of a “corporation” which had never been created, she advised them to incorporate. Defendants then incorporated:
1. “S & R Hotel Corporation — NASA” by act executed November 12, 1976 and recorded in the Record of Charters, Book # 316, Office of the Secretary of State on November 19, 1976.
2. “S & R Hotel Corporation — Tulane” of the same date.
No entity “S & R Hotel Corp.” was ever created or existed.
V.Sole Grounds
The trial court in its written reasons for judgment erroneously stated as follows:
“Plaintiff, Jackie Mae Goldberg, claims to be entitled to a fee for services which she rendered to the several defendants whom she has sued in these proceedings. Plaintiff prayed for and had issued a writ of attachment on the sole grounds that the defendants were ‘non-residents.’” (Emphasis supplied)
Plaintiff’s petition, however, provided as follows:
“VII.
“Defendants have, within the jurisdiction of this court, two motels. Plaintiff fears that the defendants may sell or further encumber these properties, which are described in Exhibits ‘E’ and ‘F’, before she has an opportunity to reduce her claim to judgment and prays that those properties described on Exhibits ‘E’ and ‘F’, be attached.
“VIII.
“The defendants, although not residents have left within its boundaries one certain 1957 Rolls Royce four door sedan, serial number 11SC108, colored grey and black which is currently located at stall 17 at the Self Service Storage and Mini Warehouses, 11600 Chef Menteur Highway, New Orleans, Louisiana 70128.
*557 “IX.
“It would be very easy for the defendants to remove the Rolls Royce vehicle from the court’s jurisdiction.” (Emphasis supplied)
In light of the language contained in plaintiff’s petition, we find that plaintiff asserted grounds not only under C.C.P. Art. 3541(5), nonresidency, but also under C.C.P. Art. 3541(2) and (3).
Additionally, we find that in light of various defendants’ dubious connection with this State, the fact that they operated under a fictitious name and in light of Mr. Regan’s testimony that the Rolls Royce has been transferred to “S & R Co.” composed of Barry Shuman and Richard Regan, the trial court erroneously dissolved the writ of attachment.
For the reasons discussed, the judgment of the district court is vacated, annulled and set aside, and the attachment is revived.
VACATED, ANNULLED AND SET ASIDE.